IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN DAVID CORDONA-RUIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 314-019 |
| | ) |
| JASON MEDLIN, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Juan David Cordona-Ruiz, an inmate currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to proceed *in forma pauperis* ("IFP"). As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 10), the amended petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

I. **BACKGROUND**

Petitioner originally filed an unsigned petition in the Middle District of Georgia, which was transferred to this District because Petitioner is incarcerated in Alamo, Georgia. (Doc. nos. 1, 5, 6.) In an Order issued on February 28, 2014, this Court noted

deficiencies in the original petition that required clarification and instructed Petitioner to file a signed, amended § 2241 petition and IFP motion, which he has now done. (Doc. nos. 8, 9, 10.)

Petitioner alleges that he is serving a sentence issued on February 21, 2012 pursuant to a conviction or convictions in Gwinnett County Superior Court. (Doc. no. 9, p. 1.) Petitioner states that he is challenging the execution of his sentence of confinement and his immigration detention. (Id. at 2.) However, upon examination of the substance of the amended petition, Petitioner is only challenging a decision of the Georgia Board of Pardons and Paroles ("Board") issued on December 5, 2013, in which the Board rescinded Petitioner's parole date. (Id.) Petitioner does not challenge his immigration proceedings themselves, but rather complains that the Board's decision affects his immigration proceedings by preventing his "immigration status and deportation." (See id. at 2, 5, 7.) Petitioner claims the Board improperly denied him parole based on an "unchallenged ex-parte communication," and asks that the Court conduct an investigation into this denial and order his immediate deportation. (Id. at 7-8.)

Although the Court previously advised Petitioner that he must first exhaust his § 2241 claims in state court (doc. no. 8, pp. 2-3), Petitioner provides no information regarding any previous attempts he has made to raise his claims. When asked to provide information regarding any earlier challenges of the Board's decision, Petitioner indicated that he had not appealed the decision, filed a grievance, or sought any administrative remedy. (Doc. no. 9, pp. 2-4.) Petitioner later affirmed that he had presented his grounds for relief in all available appeals (id. at 7), but provides no indication that he previously

2

challenged the decision in state court or by any other means. Tellingly, the original petition was dated February 10, 2014, little more than two months after the Board's decision.

## II. DISCUSSION

Prisoners seeking to challenge the decision of a state parole board under § 2241 are subject to the provisions of 28 U.S.C. § 2254. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004) (*per curiam*) (federal habeas petition challenging state parole revocation subject to AEDPA one-year statute of limitations); Thomas v. Crosby, 371 F.3d 782, 784 (11th Cir. 2004) (petition challenging state parole board's determination regarding parole eligibility subject to § 2254). Because Petitioner is serving a sentence imposed by a state court, the amended petition is subject to all the requirements applicable to § 2254 proceedings. Thomas, 371 F.3d at 787 ("There is no merit to Appellant's argument that § 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings.").

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Supreme Court has held that a state inmate is deemed to have exhausted his state

3

judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. The Eleventh Circuit has made clear that "[g]enerally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Under Georgia law, a prisoner who is not serving a life sentence may challenge the Board's parole decision by contesting "either the Crime Severity Level or Parole Success Factor scores by writing within 30 days the Parole Guide lines Director in the Board's Central Office." Ga. Comp. R. & Regs. § 475-3-.05(5). Furthermore, "it is firmly established under Georgia law that a parole decision can be challenged by filing a petition for writ of mandamus." Davis v. State Bd. of Pardons and Paroles, 271 F. App'x 975, 975 (11th Cir. 2008) (*per curiam*) (citing Brown v. Barrow, 512 F.3d 1304, 1308

4

(11th Cir. 2008) (*per curiam*)); see also Johnson v. Griffin, 522 S.E.2d 657, 663 (Ga. 1999) (proper remedy for challenge to Board's determination lay in a mandamus action); Lewis v. Griffin, 376 S.E.2d 364, 365-66 (Ga. 1989) (same).

Here, Petitioner provides no indication that he attempted to contest the Board's December 5th decision, either administratively by letter to the director or legally through the filing of a mandamus action. Indeed, the Petitioner concedes that he did not appeal, file a grievance, or seek an administrative remedy before initiating this civil action. (Doc. no. 9, p. 2.) Because Petitioner has not given the state courts an opportunity to act on his claims by invoking the available review processes, Petitioner has failed to satisfy the exhaustion requirement and the instant § 2241 petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies. See Davis, 271 F. App'x at 975 (affirming dismissal for failure to exhaust where petitioner had not presented his claim in state court mandamus proceeding).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 10), the amended petition be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2014, at Augusta, Georgia.

                                                              _____
                                                              BRIAN K. EPPS
                                                              UNITED STATES MAGISTRATE JUDGE
                                                              SOUTHERN DISTRICT OF GEORGIA